# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2010

Charles R. Fulbruge III
Clerk

No. 09-20248
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSVALDO AGUILAR-AGUILAR, also known as Osvaldo Aguilar, also known as Santiago Solis Rodriguez, also known as Osvaldo Roberto Aguilar,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-831-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Osvaldo Aguilar-Aguilar (Aguilar) appeals the 69-month sentence imposed by the district court following his conviction for illegal reentry. He argues that the sentence is unreasonable because the district court declined to sentence him below the guidelines range.

This court reviews sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we must ensure that the district court committed no significant procedural error; if the district court's sentencing decision is procedurally sound, we should then consider the substantive reasonableness of the sentence imposed. *Gall*, 552 U.S. at 51.

Aguilar concedes that, because he did not object on procedural grounds in the district court, this court's review of the procedural reasonableness of his sentence is limited to plain error; he further concedes that he cannot show reversible plain error, and he raises the issue only to preserve it. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361-64 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Because Aguilar objected to the substantive reasonableness of his sentence in the district court, we review for an abuse of discretion. *See Cisneros-Gutierrez*, 517 F.3d at 764. As the sentence is within the guidelines range, a presumption of reasonableness applies. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Although Aguilar argues that factors such as his cultural assimilation and his criminal history warranted a downward variance, we discern no abuse of discretion in the district court's decision to impose a within-guidelines sentence. *See Gall*, 552 U.S. at 51-52; *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir. 2008).

AFFIRMED.